# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| MARIE KISTLER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:20-cv-13142 |
| FLAGSTAR BANK, F.S.B., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Marie Kistler. ("Plaintiff"), by and through her undersigned attorney, complaining of Flagstar Bank, F.S.B. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Michigan Collection Practices Act ("MCPA") pursuant to M.C.L. §445.251.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and

1

1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in this district.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a Federal Savings Bank with its headquarters located at 5151 Corporate Dr., Troy, Michigan 48098.

## FACTS SUPPORTING CAUSE OF ACTION

6. Around 2003, Plaintiff's mortgage ("subject debt") was transferred in good standing to Defendant.

7. In May 2019, Plaintiff began suffering from financial difficulties and fell behind on the loan.

8. Consequently, Defendant began placing collection calls to Plaintiff's cellular telephone number (260) XXX-4313 attempting to collect on the subject debt.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 4313. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

10. Subsequently, Plaintiff decided that she needed to file for bankruptcy.

11. Around October 16, 2020, Plaintiff answered a call from Defendant during which she informed Defendant that she was filing for bankruptcy, to direct all future communications to her bankruptcy attorney, and to no longer contact her.

12. Defendant continued to call Plaintiff, and Plaintiff has answered several more phone calls, again requesting that Defendant cease contacting her.

13. Notwithstanding Plaintiff's multiple requests that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between October 2020 and the present date.

14. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the banking industry to collect defaulted accounts.

## DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

20. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

21. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

25. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

26. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

27. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone from October 2020 through the present day using an ATDS without her consent.

28. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. As pled above, Plaintiff verbally revoked consent to be called on her cellular phone in October 2020.

29. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

30. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

31. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

32. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, sureties, vendors, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

33. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C),

Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, Marie Kistler, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

35. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

36. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

37. The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

### a. Violations of M.C.L. § 445.252(f)(ii)

38. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

39. Defendant violated M.C.L. § 445.252(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system when it did not have consent to do so by virtue of Plaintiff's demands that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 445.252(n)

40. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

41. Defendant violated the MCPA when it continuously called Plaintiff after being notified to stop. In spite of Plaintiff's demands, Defendant systematically contacted Plaintiff multiple times. This repeated behavior was harassing and

abusive, and the frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

### c. Violations of M.C.L. § 445.252(q)

42. The MCPA, pursuant to M.C.L. § 445.252(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

43. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff was contacted by Defendant regarding a debt, and Plaintiff demanded that Defendant stop contacting her, yet Defendant's contacts persisted. This demonstrates the lack of any procedures in place by Defendant wherein its employees and system would cease calling after becoming aware that its calls were unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

44. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls, yet Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding her demands that the calls cease. Upon information and belief, Defendant regularly engages in the

above-described behavior against consumers, further demonstrating the willful failure to implement adequate procedures designed to prevent violations of the MCPA.

**WHEREFORE**, Plaintiff, Marie Kistler, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: November 30, 2020

Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (331) 307-7646
ataylor@sulaimanlaw.com